UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEMAEL NZIHOU**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**DEFENSE CONTRACT MANAGEMENT AGENCY**,<br><br>　　　　Defendant. | Civil Action No. 25-cv-283 |

**OPINION**

On January 30, 2025, Defendant Defense Contract Management Agency removed this case from the Superior Court to this court. ECF No. 1. It then filed a status report informing the court that Plaintiff Jemael Nzihou, proceeding *pro se*, had not properly effected service. ECF No. 4. On February 6, 2025, the court ordered Plaintiff to show cause in writing by February 28, "why this action should not be dismissed for failure to prosecute." Feb. 6, 2025 Min. Order. The court warned Plaintiff that if he did not "effectuate service" or "satisfactorily respond to the present order by" that date, it "may dismiss this action without further notice." *Id*.

Instead, Plaintiff moved for an expedited hearing. ECF Nos. 6, 10. In his hearing motions, he did not address the court's Order, nor did he explain why he had not served Defendant. Mot. for Hr'g at 1–2, ECF No. 6 ("Hr'g Mot."); Mot. to Expedite at 1, ECF No. 10 ("Expedition Mot."). He instead requested a hearing to address the removal procedure, jurisdictional concerns, the need for judicial intervention, Hr'g Mot. at 1–2, and accused this court of "excessive delay in the ongoing proceedings," which had caused "an undue burden on" his "ability to receive fair and timely justice." Expedition Mot. at 1.

On April 9, the court reminded Plaintiff of his obligation to comply with the Federal Rules of Civil Procedure, including Rule 4(m)'s requirement to effect service within 90 days after removal. Apr. 9, 2025 Min. Order. Specifically, the court noted that not only had Plaintiff not responded to the February 28 deadline to properly serve Defendant, but his service attempt on March 4 was unsuccessful because he "had not served" the U.S. Attorney for the District of Columbia. *Id.* And Rule 4(m)'s deadline had passed, so the court "could dismiss the case for failure to prosecute." *Id.*

Nevertheless, the court permitted "Plaintiff one final chance to effect proper service" by May 1, or risk dismissal. *Id.* It also instructed Plaintiff how to do so: by serving both his "summons and the copy of his complaint on the U.S. Attorney's Office for the District of Columbia either by (i) hand delivery, (ii) registered or certified mail to the civil process clerk, or (iv) electronic mail subject to the terms and conditions posted on the Office's website." *Id.* Plaintiff neither responded in writing nor effected service by May 1.

After Defendants moved to dismiss, in part, for insufficient service of process on May 9, Def.'s Mot. to Dismiss at 6–7, ECF No. 9, the court directed Plaintiff to respond by July 14. June 15, 2025 Fox/Neal Order at 3, ECF No. 13 ("Fox/Neal Order"). The court warned Plaintiff that if he did not "respond by" that date or "fully respond to the argument raised by Defendants, the court may treat the motion as conceded and dismiss the claims asserted." June 15, 2025 Min Order. Plaintiff never responded. For the reasons below, the court will treat Defendants' Motion to Dismiss as conceded and GRANT it.

Local Rule 7(b) provides:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition

to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

D.C. Local Rule 7(b). "The Rule is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). It applies regardless of whether a party is *pro se*. *See, e.g.*, *Ahrens v. United States*, 531 F. Supp. 2d 74, 75 (D.D.C. 2008) (treating a motion to dismiss as conceded after a pro se plaintiff failed to respond for four months). The D.C. Circuit will honor a district court's "enforcement of the rule" unless it abuses its discretion. *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

The court made clear to Plaintiff that his failure to respond "to the arguments raised by Defendants" could result in the motion being treated as conceded. June 15, 2025 Min. Order. The court gave Plaintiff a month to respond. Plaintiff instead ignored this court's orders—for the third time—and neither sought an extension nor explained his non-responsiveness. Fed. R. Civ. Pro. 4(m) (stating that a court "shall dismiss the action without prejudice" if a plaintiff fails to properly serve a defendant unless "the plaintiff shows good cause for the failure").

Moreover, Plaintiff still has not properly served Defendants. *See Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007) ("[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant."). As Defendant notes, on March 11, it "received a package that appears to have been personally mailed by Plaintiff." Mot. to Dismiss at 4, ECF No. 12. But the package did not contain a complaint, despite the court's instructions to Plaintiff to complete service—"by a third party" and with a "copy of his complaint." Apr. 9, 2025 Min. Order.

Accordingly, having received no opposition from Plaintiff and in the absence of proper service, the court treats Defendant's Motion to Dismiss as conceded and GRANTS it. A corresponding order shall follow shortly.

Date: October 2, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge